IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRENT FORMAN,

    Petitioner,                        No. CIV S-06-0190 MCE KJM P

    vs.

A.P. KANE,

    Respondent.                  FINDINGS & RECOMMENDATIONS

/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has paid the filing fee.

        Petitioner challenges his Placer County sentences for robbery and receiving stolen property on the ground that counsel was ineffective in failing to object to the miscalculation of his presentence credits and that the court calculated those credits improperly. He alleges that he has exhausted his state remedies by pursuing collateral attacks in the Placer County Superior Court, the California Court of Appeal, and the Supreme Court. Petitioner has attached copies of the denials from each court. The order from the Supreme Court denying his petition includes a citation to People v. Duvall, 9 Cal.4th 464, 474 (1995).[1]

---

[1] On April 26, 2006, petitioner submitted a document entitled "Amended Petition For A Writ Of Habeas Corpus." This document is not a complete petition, but rather is a copy of the

1

1  The exhaustion of available state remedies is a prerequisite to a federal court's
2  consideration of claims sought to be presented in habeas corpus proceedings.  See Rose v. Lundy,
3  455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner can satisfy the exhaustion requirement
4  by providing the highest state court with a full and fair opportunity to consider all claims before
5  presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.
6  Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

As the Ninth Circuit has noted:

> The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to petitioner under state law.

Franklin v. Johnson, 290 F.3d 1223, 1230 (9th Cir. 2002); see also Sandgathe v. Maass, 314 F.3d 371 (9th Cir. 2002).

By citing Duvall, the California Supreme Court was signaling petitioner to return with more complete pleadings.  In Duvall, the California Supreme Court discussed the pleading requirements for a state habeas petition, including the need to "state fully and with particularity the facts on which relief is sought," because conclusory allegations do not warrant relief.  Duvall,

/////
/////
/////
/////
/////
/////
/////
/////

---

charging document filed in his Placer County case.  The court has considered this document in resolving the issues presented by the original petition filed November 7, 2005.

9 Cal.4th at 474.  As the California Supreme Court explained:

> To satisfy the initial burden of pleading adequate grounds for relief, an application for habeas corpus must be made by petition, and "[i]f the imprisonment is alleged to be illegal, the petition must also state in what the alleged illegality consists."  The petition should both (i) state fully and with particularity the facts on which relief is sought, as well as (ii) include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations.  Conclusory allegations made without any explanation of the basis for the allegations do not warrant relief, let alone an evidentiary hearing. We presume the regularity of proceedings that resulted in a final judgment and, as stated above, the burden is on the petitioner to establish grounds for his release.

Id. at 475 (internal citations and quotations omitted).

The Ninth Circuit has characterized a citation to Duvall to mean the state petitioner is being given an opportunity to amend his pleadings to "allege with sufficient particularity the facts warranting habeas relief." King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).

Because petitioner still had an opportunity to present his claims to the California Supreme Court when he filed the instant petition in this court, he has not exhausted his state remedies and the action should be dismissed.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

/////
/////
/////
/////
/////

3

1  and Recommendations." Plaintiff is advised that failure to file objections within the specified
2  time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153
3  (9th Cir. 1991).
4  DATED: July 11, 2006.

                                             _____
                                             UNITED STATES MAGISTRATE JUDGE

[2]
form0190.103